## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

WILLIE EARL CURRY                                                          PLAINTIFF

v.                                                                           No. 1:20CV75-GHD-DAS

WARDEN JOSH DAVIS                                                  DEFENDANT

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Willie Earl Curry, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that he is being improperly subjected to urinalysis testing because he is being held in Mississippi Department of Corrections without having been convicted of a crime. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

Mr. Curry alleges that he has not been convicted of a crime and thus should not be in the custody of the Mississippi Department of Corrections. He was incarcerated at the Alcorn County Correctional Facility during the times relevant to this case. He argues that, because of his alleged illegal incarceration, he is not subject to the requirement for drug testing of Mississippi inmates. Based on this belief, Mr. Curry has refused urinalysis testing on at least six occasions, and he has been found guilty of prison rule infractions for each one. The cumulative effect of these violations has been

removal of commissary privileges and visitation privileges for a total of fifteen months. He seeks an end to urinalysis testing and restoration of his privileges. The Court notes that an examination of records maintained by the Mississippi Department of Corrections reflect that the Defendant has been convicted in the Circuit Court of Madison County for the attempted exploitation of a vulnerable adult and for conspiracy to commit a crime. He was sentenced on both counts of conviction on June 28, 2011, to sentences of 10 years and five years; his tentative release date is March 20, 2026.

### *Heck* Bars Relief for Plaintiff's Allegation of Illegal Incarceration

In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that there is no requirement of "exhaustion" of *habeas corpus* remedies in order to proceed on a claim under § 1983. Instead, a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement – or otherwise demonstrates the invalidity of the conviction or confinement – is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the present case, the plaintiff's success in his claim against the defendant would necessarily draw into question the validity of his conviction or sentence. Indeed, his allegation regarding the legality of his sentence is the basis for his claims. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983

cause of action to accrue. Mr. Curry has made no such showing; therefore, this allegation must be dismissed for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(d). *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### Conclusion

For the reasons set forth above, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 16th day of March, 2021.

SENIOR U.S. DISTRICT JUDGE